JENKINS *et al. vs.* ATWATER, assignee.

Where Jenkins *et al.* sold property to two persons, and one was adjudged a bankrupt pending suit, and judgment had against the other, and the property was sold under a *fi. fa.* issued upon the judgment, and the proceeds, by agrement, were to be distributed just as the property would have been divided had the proper steps been taken to arrest the sale, between the judgment creditors and the assignee of the bankrupt, the assignee holding either one-half the property in right of the bankrupt, or a foreclosed mortgage thereon older than the judgment,

*Held*, that the fund, after paying expenses of bringing the same into court, was properly divided between the judgment creditors and the assignee of the bankrupt.

Bankruptcy. Judgments. Before Judge HALL. Upson Superior Court. May Term, 1878.

Reported in the opinion.

SPEER & STEWART, for plaintiffs in error, cited Code §§3949 *et seq.*, 3594 ; 59 *Ga.*, 403.

J. A. COTTEN, for defendant, cited 49 *Ga.*, 363 ; 56 *Ib.*, 150.

JACKSON, Justice.

This was a rule to distribute money arising from the sale, by the sheriff of a mill, to be decided on an agreed state of

facts, and under an agreement by the parties that the money stand in the place of the mill, and its division be made accordingly.

The substance of the facts agreed upon is as follows : Jenkins & Mayo sold a steam saw-mill to James L. Worthy and Julius C. Williams for $2,680.00, in two notes, one of which was traded to Jenkins ; and suit was brought on one of them against the makers by the firm and the other by Jenkins. Before judgment term Williams was adjudged a bankrupt and Atwater was appointed his assignee. Judgment was rendered against Worthy alone on the notes, and the mill was levied on. Williamson Worthy, a brother of defendant in *fi. fa.* claimed it, and alleged that he bought from Williams and James L. Worthy before the judgments were recovered against James L., but after suit was commenced. The mill was sold on a credit, secured by mortgage, to Williamson Worthy, and the note and mortgage were held by Atwater, the assignee, and returned as part of the bankrupt's assets, and Atwater holds them, the mortgage having been foreclosed, and they are admitted to be the joint property of J. L. Worthy and Julius C. Williams. The claim case was decided against Williamson Worthy, and the property sold for $420.00, which sum stood, by agreement, in the place of the property. The claims of Jenkins & Mayo were provable in bankruptcy, and they, Jenkins & Mayo, tried to subject certain property of the bankrupt, which he had given to his wife, to the debts of the creditors.

The fund was to be distributed by the agreement, just as the property would have been, had the proper steps been taken to arrest the sale. The judge, as court and jury, by agreement, divided the fund between Atwater, the assignee, and Jenkins & Mayo, and the latter except.

We see no error in the judgment under the agreement. Jenkins & Mayo had no lien reserved to secure their debt ; they were creditors of the bankrupt and of Worthy, to whom they had sold the mill—half of the mill was the

property of Worthy, and the other half of the bankrupt, for the benefit of all his creditors, or rather he held the foreclosed mortgage for their benefit. Those creditors were represented by Atwater, the assignee, and as the money was to be divided just as the property would have been before the sale, and as the property, had the right course been pursued, would have been divided between the two had there been no sale, so the money should have been divided, and was divided.

Judgment affirmed.